United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HARRY GREEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-133 |
| | § | |
| LEE EDWARDO, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 2, 2021, Plaintiff Harry Green filed a prisoner civil rights complaint against Lee Edwardo. Dkt. No. 1. Green's complaint concerns the use of physical force against him. Id. At the time that he filed the complaint, Green was a prisoner at the Carrizales-Rucker Detention Center in Olmito, Texas. Id.

Green filed a motion to proceed in forma pauperis, but did not attach a copy of his prisoner account statement. Dkt. No. 2; see also 28 U.S.C. § 1915(a)(2) (prisoner "shall" file a "certified copy of the trust fund account statement" as part of IFP application). On September 2, 2021, the Court ordered Green to provide the required trust account statement. Dkt. No. 5. The Court gave Green until September 27, 2021, to correct this deficiency. Id.

The order was sent to Green's last known address. The order came back as undeliverable because Green was no longer in custody. Dkt. No. 8.

On October 25, 2021, the Court ordered Green to either file the trust account statement or pay the full amount of the filing fee. Dkt. No. 10. Green was warned that failure to do so "may result in the case being dismissed for want of prosecution." Id.

Again, the order was sent to Green's last known address and was returned as undeliverable, because he was no longer in custody. Dkt. No. 12.

As of today's date, Green has neither paid the filing fee nor filed the required prisoner trust account statement.

## I. Applicable Law

### A. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).  Generally, such dismissals are without prejudice; however, if further litigation would be time-barred, then the Court must treat the dismissal as one with prejudice and determine whether such a "severe" sanction is warranted. Campbell v. Wilkinson, 988 F.3d 798, 801 n 1 (5th Cir. 2021).

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## II. Analysis

Green's failure to respond to the Court's court order instructing him to pay the filing fee or submit the documentation to proceed in forma pauperis warrants dismissal of his claims without prejudice. Caton v. Dretke, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008).

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Green claims that Edwardo used force against him on April 27, 2020. Dkt. No. 1, p. 4.  The statute of limitations for a § 1983 claim in Texas is two years. Winfrey v. Rogers,

901 F.3d 483, 492 (5th Cir. 2018).  Accordingly, the statute of limitations will not expire until April 27, 2022, at the earliest.  Green would be able to refile his complaint before that date without running afoul of the statute of limitations.

## III. Recommendation

The Court recommends that the complaint filed by Harry Green, Dkt. No. 1, be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on November 30, 2021.

Ronald G. Morgan
United States Magistrate Judge